# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 30, 2012

## STEPHEN WILLIAM NEWSOME ET AL. v. KEVIN DARRELL PORTER

**Appeal from the Circuit Court for Sumner County**
**No. 83CC12011CV11      C.L. Rogers, Judge**

---

**No. M2011-02226-COA-R3-PT - Filed March 7, 2012**

---

The issue in this appeal of a parental termination proceeding is whether the trial court erred in failing to appoint a guardian ad litem to represent the interests of the minor child. We agree with the father that the trial court was required by Rule 13 of the Tennessee Supreme Court Rules to appoint a guardian ad litem. Because the court failed to do so, the trial court's decision must be vacated.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Lawren Bryant Lassiter, Gallatin, Tennessee, for the appellant, Kevin Darrell Porter.

Robert Dudley Tuke and Walter Justin Adams, Nashville, Tennessee, for the appellees, Stephen William Newsome and Courtney Jean Wyatt Newsome.

## OPINION

In January 2011, Courtney Jean Wyatt Newsome ("Mother") and her husband, Stephen William Newsome ("Stepfather"), filed a petition against Kevin Darrell Porter ("Father") seeking to terminate Father's parental rights and to allow Stepfather to adopt minor child Keylee. As grounds for termination, the petitioners cited abandonment as defined by Tenn. Code Ann. § 36-1-102(1)—specifically, willful failure to visit and or willful failure to support. Father, who was incarcerated, filed a response in which he contested the termination of his parental rights. The court appointed an attorney to represent Father.

The matter was heard on a bifurcated basis, with the hearing regarding termination of parental rights being held on June 13, 2011. The trial court declined Father's preliminary request that a guardian ad litem be appointed for the child, finding that there was "no necessity for such an appointment." After hearing testimony, the trial court found by clear and convincing evidence that Father had abandoned the child and that termination was in the child's best interest. The court terminated Father's parental rights. After a final hearing on June 21, 2011, the court ordered that Stepfather was the child's legal parent.

Father filed a motion to alter or amend, arguing that it was mandatory for the trial court to appoint a guardian ad litem for the child. The trial court denied Father's motion based upon its determination that the issue was controlled by Tennessee Supreme Court Rule 40A and that the appointment of a guardian ad litem was not necessary. The court went on to state that, even if Tennessee Supreme Court Rule 13 required the appointment of a guardian ad litem, the trial court's failure to do so was harmless error "because such an appointment would not affect the outcome of this case."

On appeal, Father argues that the trial court's decision should be reversed due to the court's failure to appointment a guardian ad litem to represent the child's interests. Mother takes the position that Tennessee Supreme Court Rule 40A is controlling and that, even if appointment of a guardian ad litem was mandatory, the trial court's failure to do so constitutes harmless error.

ANALYSIS

The correct result in this case turns on the legal issue of which of two Tennessee Supreme Court Rules applies. Therefore, our review is de novo without a presumption of correctness. Tenn. R. App. P. 13(d); *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

Tennessee Supreme Court Rule 13 generally addresses the appointment, qualifications, and compensation of counsel for indigent defendants but also addresses the appointment of a guardian ad litem in parental rights termination proceedings. With respect to proceedings to terminate parental rights, section 1(d)(2)(D) of Rule 13 provides, in pertinent part:

> The court *shall* appoint a guardian ad litem for the child, unless the termination is uncontested. The child who is or may be the subject of proceedings to terminate parental rights shall not be required to request appointment of counsel. A single guardian ad litem shall be appointed to represent an entire

sibling group unless the court finds that conflicting interests require the appointment of more than one guardian.

(Emphasis added). This court has previously interpreted this provision as making the appointment of a guardian ad litem mandatory in contested termination proceedings. *See In re Adoption of Gracie M.M.*, No. M2009-01609-COA-R3-PT, 2010 WL 22814, at *1 (Tenn. Ct. App. Jan. 5, 2010); *Lyon v. King*, No. M2007-01156-COA-R3-PT, 2008 WL 490657, at *3 (Tenn. Ct. App. Feb. 22, 2008); *In re A.D.C.*, No. E2006-00771-COA-R3-PT, 2007 WL 677882, at *1 (Tenn. Ct. App. Mar. 7, 2007); *In re Adoption of D.P.E.*, No. E2005-02865-COA-R3-PT, 2006 WL 2417578, at *2-3 (Tenn. Ct. App. Aug. 22, 2006).

Mother argues that Tennessee Supreme Court Rule 40A, enacted after all of the cited caselaw, applies in this case. We cannot agree. Section 3 of Supreme Court Rule 40A makes it discretionary for a trial court to appoint a guardian ad litem in a "custody proceeding." Tenn. Sup. Ct. R. 40A § 3(a), (b). Mother emphasizes that Rule 40A defines "custody proceeding" to include "contested adoptions." Tenn. Sup. Ct. R. 40A § 1(a). It should be noted, however, that Rule 40A distinguishes a custody proceeding from an "abuse or neglect proceeding," which includes "a court proceeding in which termination of parental rights is at issue." This distinction appears again in the following comment to section 1:

Under revised Rule 40A it is now possible for the same attorney who is appointed as a Rule 40 guardian ad litem[1] to follow a case and be appointed to represent the child as a Rule 40A guardian ad litem in subsequent proceedings (*e.g.*, a termination of parental rights [case] in Juvenile Court followed by a contested adoption between competing grandparents in Chancery Court).

In this case, the trial court had to hold a proceeding to terminate Father's parental rights before an adoption could be considered, and Father contested the termination. The proceeding at issue was a contested parental termination, not a contested adoption. Thus, Tennessee Supreme Court Rule 13 required the appointment of a guardian ad litem for the child.

Moreover, we cannot accept Mother's argument that the trial court's failure to appoint a guardian ad litem constitutes harmless error. In promulgating section 1 of Rule 13, our Supreme Court "recognized the essential role of a guardian ad litem in a parental termination

---

[1]Tennessee Supreme Court Rule 40 provides guidelines for guardians ad litem for children in juvenile court neglect, abuse and dependency proceedings.

case." *In re Adoption of D.P.E.*, 2006 WL 2417578, at *2. The guardian ad litem is charged with advocating for the best interests of the child. *Id.* at *3. It is impossible for this court to determine what effect the presence of a guardian ad litem would have had on the outcome of this case. Given the important function served by the guardian ad litem, we cannot consider the failure to appoint one to be harmless error. *See id.*

CONCLUSION

For the foregoing reasons, we vacate the trial court's judgment and remand for further proceedings consistent with this opinion. Costs of appeal are assessed against the appellees, the Newsomes, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE